IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT L. JOSEPH, II, <br><br> *Plaintiff,* <br><br> v. <br><br> PROGRESSIVE INSURANCE CO., et al, <br><br> *Defendants.* | Civil Action No. 2:21-cv-2 <br><br> Hon. William S. Stickman IV <br> Hon. Lisa Pupo Lenihan |

## ORDER OF COURT

*Pro se* Plaintiff Herbert L. Joseph, II claims Defendants violated his civil rights pursuant to 42 U.S.C. § 1983 and he also invokes federal jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 10). Magistrate Judge Lisa Pupo Lenihan issued a Report and Recommendation on March 1, 2021, recommending that the Court dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. (ECF No. 11). Plaintiff filed a document entitled "Third Amended Complaint and Objections to Report and Recommendation." (ECF No. 13). In it, he contends he has complied "with the standard of a 'prima facie case'" and requests leniency for his pleading deficiencies. (ECF No. 13, p. 3).

After its independent *de novo* review of the record and consideration of the pleadings, the Court hereby ADOPTS Magistrate Judge Lenihan's Report and Recommendation as its Opinion. The Court overrules Plaintiff's objections. Defendants are not state actors. They are private corporations, and therefore, relief against them is not possible under § 1983 as set forth by Magistrate Judge Lenihan in her Report and Recommendation. Furthermore, the Court agrees

with Magistrate Judge Lenihan that the claim against Defendant Progressive Insurance Co. is unquestionably time-barred.

AND NOW, this  15  day of March 2021, is it is HEREBY ORDERED that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  The Court further holds that amendment would be futile.  Not only is a claim against Defendant Progressive Insurance Co. time-barred, but no facts can be alleged by Plaintiff sufficient to state a claim against the non-state actor Defendants under § 1983.[1] *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility).

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[1] "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."  3 Moore's Federal Practice – Civil § 15.15[4] (2019).